FILED
CLERK, U.S. DISTRICT COURT
5/01/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_ASI\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DURK BANKS,<br>  aka "Lil Durk,"<br>  aka "Blood,"<br>  aka "Mustafa Abdul Malak,"<br>KAVON LONDON GRANT,<br>  aka "Cuz,"<br>  aka "Vonnie,"<br>DEANDRE DONTRELL WILSON,<br>  aka "DeDe,"<br>KEITH JONES,<br>  aka "Flacka,"<br>DAVID BRIAN LINDSEY,<br>  aka "Browneyez," and<br>ASA HOUSTON,<br>  aka "Boogie,"<br><br>        Defendants. | 2:24-cr-621(B)-MWF<br><br>__S__ __E__ __C__ __O__ __N__ __D__<br>__S__ __U__ __P__ __E__ __R__ __S__ __E__ __D__ __I__ __N__ __G__<br>__I__ __N__ __D__ __I__ __C__ __T__ __M__ __E__ __N__ __T__<br><br>[18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death; 18 U.S.C. §§ 2261A(2)(A),(B), 2261(b)(1): Stalking Resulting in Death; 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), (j)(1): Use, Carry, and Discharge of Firearms and Machinegun, and Possession of Such Firearms, in Furtherance of a Crimes of Violence, Resulting in Death; 18 U.S.C. § 922(o): Possession of a Machinegun; 18 U.S.C. §§ 981(a)(1)(C), 924(d)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

1. In or around 2010, defendant DURK BANKS, also known as ("aka") "Lil Durk," aka "Blood," aka "Mustafa Abdul Malak," formed an organization called Only the Family, or "OTF," which, among other things, produced and sold hip hop music from artists primarily from the Chicago, Illinois area. OTF also acted as an association-in-fact of individuals who engaged in violence, including murder and assault, at the direction of defendant BANKS and to maintain their status in OTF.

2. At times relevant to this Second Superseding Indictment, defendant BANKS was the leader of OTF. Defendants KAVON LONDON GRANT, aka "Cuz," aka "Vonnie," DEANDRE DONTRELL WILSON, aka "DeDe," ASA HOUSTON, aka "Boogie," and Co-Conspirators 2-5 were members or associates of OTF. Defendants KEITH JONES, aka "Flacka," and DAVID BRIAN LINDSEY, aka "Browneyez," were members of other gangs in Chicago, Illinois.

3. On or about November 6, 2020, D.B., a high-ranking OTF member and a close associate and friend of defendant BANKS, got into a physical altercation with T.B. at a nightclub in Atlanta, Georgia. During the fight, an associate of T.B. pulled out a gun and shot D.B. multiple times, killing him. After the murder, defendant BANKS made clear, in coded language, that he would pay a bounty or monetary reward, and/or make payment to anyone who took part in killing T.B. for his role in D.B.'s murder.

4. On or about August 18, 2022, the conspirators learned that T.B. was staying at a hotel in Los Angeles, California. As alleged in Counts One through Three, after learning of T.B.'s location, at

the direction of defendant BANKS, defendants WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 traveled from Chicago, Illinois, to Los Angeles, California, for the purpose of murdering T.B.  On that same day --- August 18, 2022 --- defendants BANKS and GRANT also traveled by private jet to Los Angeles, California.

    5.   As alleged in Counts One through Three, on August 19, 2022, at the direction of defendant BANKS, defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 used two vehicles to track, stalk, and attempt to kill T.B. by gunfire --- including with a fully automatic firearm --- resulting in the death of S.R.

## COUNT ONE

[18 U.S.C. § 1958(a)]

[ALL DEFENDANTS]

Paragraphs 1 through 5 of the Introductory Allegations of this Second Superseding Indictment are re-alleged and incorporated here.

A.  OBJECT OF THE CONSPIRACY

Beginning on a date unknown, but no later than on or around November 6, 2020, and continuing to on or about August 19, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants DURK BANKS, also known as ("aka") "Lil Durk," aka "Blood," aka "Mustafa Abdul Malak," KAVON LONDON GRANT, aka "Cuz," aka "Vonnie," DEANDRE DONTRELL WILSON, aka "DeDe," KEITH JONES, aka "Flacka," DAVID BRIAN LINDSEY, aka "Browneyez," and ASA HOUSTON, aka "Boogie," and co-conspirators known and unknown, conspired and agreed with each other to knowingly use facilities of interstate and foreign commerce, namely, airplanes, cars, cell phones, and the internet, with intent that the murder of T.B. be committed in violation of the laws of any State, namely, the State of California, as consideration for the receipt of, and consideration for a promise and agreement to pay, anything of pecuniary value, namely, money and lucrative music opportunities with OTF, in violation of Title 18, United States Code, Section 1958(a).

The use of interstate facilities to commit murder that was the object of the conspiracy resulted in the death of S.R.

B.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

4

1. Defendant BANKS would place bounties on individuals that he and other OTF members wanted to kill, including T.B.  As part of the bounty, co-conspirators known and unknown, including defendants BANKS and WILSON, would pay anyone who took part in the killing of T.B. and/or reward individuals with lucrative music opportunities with OTF.

2. Co-conspirators known and unknown, including defendants BANKS and WILSON, would recruit others, including defendants JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2, to find, track, and kill T.B.

3. At the direction of defendant BANKS, defendant GRANT would procure cars, ski masks, and firearms that would be used by co-conspirators to find, track, and kill T.B.

4. Using a credit card associated with OTF, Co-Conspirator 3 would purchase airplane tickets for the co-conspirators to fly to California and murder T.B.

5. Defendants WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2, would travel from Chicago, Illinois to Southern California via airplane to find, track, and kill T.B.

6. Defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2, would travel throughout Los Angeles County via cars procured by defendant GRANT to find, track, and kill T.B.

7. Defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2, would communicate via cell phone to coordinate logistics to find, track, and kill T.B.

8. Defendants JONES and LINDSEY, and Co-Conspirator 2, would fire multiple shots at T.B., killing S.R., who was a passenger in T.B.'s vehicle.

C.  OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants BANKS, GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirators 2-5, and others known and unknown, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  Following the killing of D.B. on or about November 6, 2020, defendant BANKS, using coded language, told defendant WILSON, Co-Conspirators 2, 4, and 5, and others that he would pay a bounty or monetary reward to anyone who took part in the killing of T.B.

Overt Act No. 2:  On August 18, 2022, one or more co-conspirators, including defendant BANKS and Co-Conspirator 4, learned that T.B. was visiting California and staying at a hotel in Los Angeles.

Overt Act No. 3:  On August 18, 2022, defendants BANKS and GRANT flew from Miami, Florida to Los Angeles, California on a private jet, so that defendants BANKS and GRANT could help coordinate the murder of T.B.

Overt Act No. 4:  On August 18, 2022, defendant BANKS and Co-Conspirator 5 asked Co-Conspirator 2 to travel to Southern California later that day.

Overt Act No. 5:  On August 18, 2022, defendant WILSON recruited defendants JONES and LINDSEY to travel to California for the purpose of murdering T.B. and helped facilitate such travel by, among other things, texting Co-Conspirator 3 biographical information about defendants JONES and LINDSEY so that Co-Conspirator 3 could

book flights to Southern California, specifically: defendant JONES' name, date of birth, and a picture of defendant JONES' ID card; and defendant LINDSEY's name, date of birth, and a picture of defendant LINDSEY's ID card.

<u>Overt Act No. 6</u>:   On August 18, 2022, defendant BANKS texted Co-Conspirator 3: "Don't book no flights under no names involved wit me."

<u>Overt Act No. 7</u>:   On August 18, 2022, using a credit card ending in -2039 ("OTF Credit Card 1"), Co-Conspirator 3 purchased airplane tickets for defendants WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 to travel from Chicago, Illinois to San Diego, California that same day.

<u>Overt Act No. 8</u>:   On August 18, 2022, Co-Conspirator 3 confirmed to defendant WILSON via text message that defendants WILSON, JONES, and LINDSEY had the same airline ticket confirmation.

<u>Overt Act No. 9</u>:   On August 18, 2022, defendant WILSON messaged a friend on Instagram: "On my way to LA."

<u>Overt Act No. 10</u>:   On August 18, 2022, defendant HOUSTON texted Co-Conspirator 3: "On got clear im 15 minutes away from airport."

<u>Overt Act No. 11</u>:   On August 18, 2022, defendants WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 flew from Chicago, Illinois to San Diego, California via the airplane tickets procured by Co-Conspirator 3 using OTF Credit Card 1.

<u>Overt Act No. 12</u>:   On August 18, 2022, defendants WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 traveled towards Los Angeles County in a car to meet with defendant GRANT.

<u>Overt Act No. 13</u>:   On August 18, 2022, defendant GRANT purchased four black ski masks from a sporting goods store in Los

Angeles County using cash.

Overt Act No. 14:  On August 18, 2022, using a credit card ending in -1015 ("OTF Credit Card 2"), defendant GRANT rented a hotel room for the co-conspirators located in Los Angeles, California (the "Universal City Hotel").

Overt Act No. 15:  On August 18, 2022, in or around Los Angeles, California, defendant GRANT met with the co-conspirators and provided defendants JONES and LINDSEY, and Co-Conspirator 2 with firearms --- including a firearm that had been modified to operate as a fully automatic machinegun --- to kill T.B.

Overt Act No. 16:  On August 18, 2022, defendant GRANT provided two cars for defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 to use to find, track, and kill T.B. --- a white BMW sedan (the "BMW") from a rental company in Los Angeles County, and a white Infiniti sedan (the "Infiniti") with a fake license plate.

Overt Act No. 17:  On August 18, 2022, defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 traveled in the BMW and the Infiniti to a hotel in downtown Los Angeles, California where T.B. was staying (the "Downtown L.A. Hotel") to find, track, and kill T.B.

Overt Act No. 18:  On August 19, 2022, using the BMW and Infiniti, defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 traveled to the Downtown L.A. Hotel where T.B. was staying to find, track, and kill T.B.

Overt Act No. 19:  On August 19, 2022, using the BMW and Infiniti, defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 followed and tracked T.B.'s black Escalade to a

marijuana dispensary located on Flower Street, in Los Angeles, California.

<u>Overt Act No. 20</u>:   On August 19, 2022, using the BMW and Infiniti, defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 followed and tracked T.B.'s black Escalade to a clothing store located on Melrose Avenue, in West Hollywood, California.  The below image shows the BMW and Infiniti following the black Escalade in which T.B. and S.R. were passengers, as the black Escalade traveled towards the clothing store.



<u>Overt Act No. 21</u>:  On August 19, 2022, using the BMW and Infiniti, defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 tracked T.B.'s black Escalade to a gas station located on Beverly Boulevard, in Los Angeles, California (the "Beverly Gas Station").

<u>Overt Act No. 22</u>:  On August 19, 2022, defendant HOUSTON drove the Infiniti to an alley behind the Beverly Gas Station and parked the vehicle, so that defendants JONES and LINDSEY, and Co-Conspirator 2 could attempt to murder T.B.

//
//
//

Overt Act No. 23:  On August 19, 2022, at the Beverly Gas Station, defendants JONES and LINDSEY, and Co-Conspirator 2 used the firearms procured by defendant GRANT --- including the fully automatic firearm --- to shoot at T.B.'s car, striking and killing S.R., who was standing next to T.B.'s car while T.B. was inside.  The images below show defendants JONES and LINDSEY, and Co-Conspirator 2 firing their guns at T.B.'s black Escalade.





//
//
//

     <u>Overt Act No. 24</u>:  On August 19, 2022, in the Infiniti driven by defendant HOUSTON, defendants JONES and LINDSEY, and Co-Conspirator 2 fled the alley behind the Beverly Gas Station after the conspirators shot and killed S.R.

     <u>Overt Act No. 25</u>:  On August 19, 2022, defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 traveled to a hamburger restaurant in Los Angeles County, where the co-conspirators discussed, among other things, payments to defendants JONES and LINDSEY for the shooting earlier that day.

     <u>Overt Act No. 26</u>:  On August 19, 2022, using OTF Credit Card 1, Co-Conspirator 3 purchased airline tickets from San Diego, California, to Chicago, Illinois, for defendants WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2.

     <u>Overt Act No. 27</u>:  On August 19, 2022, defendants WILSON, JONES, LINDSEY, and HOUSTON, and Co-Conspirator 2 flew back to Chicago, Illinois from San Diego, California.

COUNT TWO

[18 U.S.C. §§ 1958(a), 2(a)]

[ALL DEFENDANTS]

Beginning on a date unknown, but no later than on or around August 18, 2022, and continuing to on or about August 19, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants DURK BANKS, also known as ("aka") "Lil Durk," aka "Blood," aka "Mustafa Abdul Malak," KAVON LONDON GRANT, aka "Cuz," aka "Vonnie," DEANDRE DONTRELL WILSON, aka "DeDe," KEITH JONES, aka "Flacka," DAVID BRIAN LINDSEY, aka "Browneyez," and ASA HOUSTON, aka "Boogie," and co-conspirators known and unknown, each aiding and abetting the other, knowingly used facilities of interstate and foreign commerce, namely, airplanes, cars, cell phones, and the internet, with intent that the murder of T.B. be committed in violation of the laws of any State, namely, the State of California, as consideration for the receipt of, and consideration for a promise and agreement to pay, anything of pecuniary value, namely, money and lucrative music opportunities with OTF, resulting in the death of S.R.

COUNT THREE

[18 U.S.C. §§ 2261A(2)(A), (B), 2261(b)(1), 2(a), 2(b)]

[ALL DEFENDANTS]

Beginning on a date unknown, and continuing to on or about August 19, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants DURK BANKS, also known as ("aka") "Lil Durk," aka "Blood," aka "Mustafa Abdul Malak," KAVON LONDON GRANT, aka "Cuz," aka "Vonnie," DEANDRE DONTRELL WILSON, aka "DeDe," KEITH JONES, aka "Flacka," DAVID BRIAN LINDSEY, aka "Browneyez," and ASA HOUSTON, aka "Boogie," and co-conspirators known and unknown, each aiding and abetting the other, with the intent to kill, injure, harass, intimidate, and placed under surveillance with intent to kill, injure, harass, and intimidate T.B. and others inside T.B.'s vehicle, including S.R. (the "Victims"), used and willfully caused the use of facilities of interstate and foreign commerce, namely, airplanes, cars, cell phones, and the internet, to engage in a course of conduct that placed the Victims in reasonable fear of death or serious bodily injury, and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the Victims, resulting in the death of S.R.

COUNT FOUR

[18 U.S.C. §§ 924(c)(1)(A)(iii), (B)(ii), (j)(1), 2(a)]

[ALL DEFENDANTS]

On or about August 19, 2022, in Los Angeles County, within the Central District of California, defendants DURK BANKS, also known as ("aka") "Lil Durk," aka "Blood," aka "Mustafa Abdul Malak," KAVON LONDON GRANT, aka "Cuz," aka "Vonnie," DEANDRE DONTRELL WILSON, aka "DeDe," KEITH JONES, aka "Flacka," DAVID BRIAN LINDSEY, aka "Browneyez," and ASA HOUSTON, aka "Boogie," together with Co-Conspirator 2, each aiding and abetting the other, knowingly used and carried firearms, including a firearm that defendants GRANT, WILSON, JONES, LINDSEY, and HOUSTON knew to be a machinegun, during and in relation to, and possessed such firearms in furtherance of, crimes of violence, namely: (i) Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death, in violation of Title 18, United States Code, Section 1958(a), as charged in Count Two of this Second Superseding Indictment; and (ii) Stalking Resulting in Death, in violation of Title 18, United States Code, Sections 2261A(2)(A), (B), 2261(b)(1), as charged in Count Three of this Second Superseding Indictment; and, in so doing, discharged the firearms, resulting in the death of S.R.

## COUNT FIVE

[18 U.S.C. § 922(o)]

[DEFENDANT JONES]

On or about August 19, 2022, in Los Angeles County, within the Central District of California, defendant KEITH JONES, aka "Flacka," knowingly possessed a machinegun, as defined in Title 18, United States Code Section 921(a)(3), and Title 26, United States Code, Section 5845(b), namely, a 10mm caliber firearm equipped with an auto-sear conversion device which was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun, which defendant JONES knew to be a machinegun.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1); 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One and Two of this Second Superseding Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

   (b) All right, title, and interest in any firearm or ammunition involved in or used in any such offense and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

|  |  |
|---|---|
| 1 | FORFEITURE ALLEGATION TWO |
| 2 | [18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)] |

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Four and Five of this Second Superseding Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/_____
                                        Foreperson

BILAL A. ESSAYLI
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, Terrorism and Export
Crimes Section

GREGORY W. STAPLES
Assistant United States Attorney
Santa Ana Branch

DANIEL H. WEINER
Assistant United States Attorney
Transnational Organized Crime
Section