BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorneys
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:   ian.yanniello@usdoj.gov
              greg.staples@usdoj.gov
              daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DURK BANKS, et al. <br><br> Defendants. | No. CR 24-621(B)-MWF <br><br> <u>GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT OBJECTIONS TO COURT'S NOVEMBER 14, 2025 SCHEDULING ORDER AND UNSUPPORTED REQUEST TO STAY PROCEEDINGS</u> |

    Plaintiff United States of America hereby files its Response to Defendants' Joint Objections to the Court's November 14, 2025 Scheduling Order, which requests the Court to stay all proceedings.

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 17, 2025              Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

  /s/
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Following defendants filing their motion to dismiss this murder case and disqualify all judges and prosecutors in this district (Dkt. 290), this Court entered a scheduling order that made clear the previously calendared motions would be heard as scheduled on November 18, 2025. (Dkt. 291.) On Saturday, defendants filed objections to the scheduling order, which, among other things, seeks to "stay substantive proceedings" pending resolution of their motion.[1] (Dkt. 295 at 1.) Defendants fail to cite authority that in any way justifies staying this murder case. In fact, defendants cannot meet any of the four factors necessary to warrant a stay, especially proof they are likely to succeed on the merits of the motion. The extraordinary remedy of a stay in this criminal proceeding would deprive the public and the murder victim's family of a speedy trial. The request should be denied.

### I. THE COURT SHOULD REJECT DEFENDANTS' CLAIM ON THE MERITS AND DENY THEIR REQUEST FOR A STAY

Defendants cannot justify a stay under the four "traditional stay factors" set forth by the Supreme Court. Nken v. Holder, 556 U.S. 418, 433-34 (2009) (cleaned up). Courts routinely apply these factors in criminal cases. See, e.g., United States v. Mitchell, 971 F.3d 993, 996 (9th Cir. 2020) (stay of execution); see also United States v. Bass, 843 F. App'x 733, 734-35 (6th Cir. 2021) (stay of compassionate release order); United States v. Bradley, 505 F. App'x 220, 223 (3d Cir. 2012) (stay of judgment pending state court proceedings).

---

[1] Defendants also object to sealing the courtroom during the proceeding.

1

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433-34. To do so, the requesting party must satisfy four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical." Nken, 556 U.S. at 434. Only after "the applicant satisfies the first two factors" should courts "assess[] the harm to the opposing party and weighing the public interest." Id. at 435.

### a. Defendants Have Not Made a Strong Showing of Likelihood of Success on the Merits

Defendants cannot show a likelihood of success on the merits because neither this Court (nor any other judge in the district) should recuse under 28 U.S.C. § 455.[2] The law is clear that "threats

---

[2] The government will respond in a forthcoming filing to defendants' request to recuse all prosecutors in the Central District of California. But in short, this request also has no likelihood of success on the merits. See United States v. Williams, 68 F. 4th 564, 573 (9th Cir. 2023) (district court abused its discretion in a "sweeping disqualification" of an entire United States Attorney's Office); United States v. Lorenzo, 995 F.2d 1448, 1453 (9th Cir. 1993) (disqualification of AUSA based on appearance of a conflict of interest requires defendant to prove actual prejudice; "the lack of prejudice to the appellants is underscored by the fact that there is no suggestion that these charges were brought because of the victimization of the U.S. Attorney himself; nor is there any suggestion that the U.S. Attorney's Office did not exercise its discretionary function in an even-handed manner or that its zeal was not born of objective and impartial consideration of the merits of this case."); see also Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 810-11 (1987) (recognizing that establishing
*(footnote cont'd on next page)*

or other attempts to intimidate the judge" do "not ordinarily require recusal under § 455." United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008). Indeed, judges have rejected recusal even after receiving threats from defendants far more serious than the voicemails at issue here. See, e.g., id. at 911 (defendant left threatening voicemails on judge's home answering machine); see also Dkt. 292 [Government's Initial Response to Defendants' Motion] at 2-3 & n.3.

Recusal under § 455 requires an objective and subjective analysis. Under the objective standard, a judge must recuse in any case where "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is a fact-specific inquiry that should be guided by the circumstances of the specific claim. Holland, 519 F.3d at 913. The subjective inquiry requires the judge "to determine whether he can be truly impartial when trying the case." Id. at 915.

Applying those factors here, there is no objective basis for this Court to recuse itself. The evidence shows the threatening conduct at issue was done by third parties; not the defendants in this case. The United States Marshals Service informed the Court about the four voicemails left for the magistrate judge, and it is unclear if the Court had any knowledge of the threat to the AUSA. Moreover, the content of the threats leave no doubt the phone calls were designed to influence and manipulate the proceedings in the case. See, e.g., Holland, 519 F.3d at 915 (use of threats to

---

a prosecutorial conflict of interest requires showing a more severe conflict than establishing the conflict of a judge; the "standards of neutrality for prosecutors are not necessarily as stringent").

3

manipulate assignment of judge "would subvert our processes, undermine our notions of fair play and justice, and damage the public's perception of the judiciary"). Following defendants' reasoning, any time a district or magistrate judge in a district is threatened, regardless of the circumstances of the threat, defendants would be allowed to disqualify all judges in that district prior to the assigned judge even considering the matter. This is plainly contrary to § 455. The government is aware of no case that would support such an outcome, and defendants have not cited one.

### b. Defendants Cannot Show Irreparable Harm

Defendants have failed to show they will be irreparably harmed absent a stay of these proceedings. Proceeding with the November 18 hearing will not create an "appearance of impropriety that cannot be remedied later" (Defs' Obj. 5), since the voicemails left for the magistrate judge do not create an objective appearance of bias vis-à-vis the Court. Moreover, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." See Sampson v. Murray, 415 U.S. 61, 90 (1974) (quoting with approval Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958).). Indeed, defendants fail to articulate any prejudice from proceeding with tomorrow's hearing date. The hearing has been set for months and the motions the Court is set to evaluate have been fully briefed.

4

### c. The Stay Will Substantially Injure the Government and is Not in the Public Interest

Finally, defendants cannot satisfy the third and fourth Nken factors, which "merge when the Government is the opposing party." 556 U.S. at 435. An indefinite stay of this criminal trial pending the resolution of defendants' motion does not serve the "compelling interest in prompt trials," that is "a societal interest which exists separate from, and at times in opposition to, the interests of the accused." Flanagan v. United States, 465 U.S. 259, 264-265 (quoting Barker v. Wingo, 407 U.S. 514, 519 (1972)); Cobbledick v. United States, 309 U.S. 323, 325 (1940) ("[E]ncouragement of delay is fatal to the vindication of criminal law."); United States v. Halkbank, Case No. 15 Cr. 867 (RMB), 2020 WL 6273887, at *5 (S.D.N.Y. Oct. 26, 2020) (denying stay pending appeal where "issuance of an indefinite stay would deprive the public of a speedy trial on the merits"). Because a prolonged delay would harm the interests of the victim's family, the government, and the public in a speedy trial, this Court should reject defendants' stay request.

### d. Defendants' Filing Does Not Cite Nken or Other Law Justifying a Stay

The case law defendants rely on does not justify a stay of all proceedings; in fact, it offers further support that *this Court* should resolve the recusal issue. Defendants rely on United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978), which involved a defendant seeking recusal based on the judge's "personal bias or prejudice" under 28 U.S.C. § 144. Unlike the statute applicable here (§ 455), § 144 includes explicit language that the judge "shall

5

proceed no further" if the moving party submits a "timely and sufficient affidavit" establishing the judge's bias or prejudice. Even then, the Ninth Circuit categorically rejected the defendant's argument "that [the district judge's] failure to assign the [Section] 144 motion to another trial judge for a hearing was error". Azhocar, 581 F.2d at 738 (quoting Berger v. United States, 255 U.S. 22, 32-34 (1922)) (noting "[t]his contention is without merit," explaining that a "judge against whom an affidavit of bias is filed may pass on its legal sufficiency because, inter alia, 'the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment'").

The remaining cases defendants rely on similarly have no bearing on issues before this Court, much less mandate that this Court stay these proceedings until resolving all issues raised in defendants' motion to dismiss/disqualify. See Cochran v. U.S. Sec. & Exch. Comm'n, 20 F.4th 194, 197-98 (5th Cir. 2021) (addressing "question presented [of] whether a provision of the Securities Exchange Act of 1934 . . . implicitly strips federal district courts of subject-matter jurisdiction to hear structural constitutional claims"); Barksdale v. Emerick, 853 F.2d 1359, 1361 (6th Cir. 1988) (civil case involving post-judgment recusal motion claiming district judge was "personally acquainted" with two defendants "and that within the last week, Plaintiff's counsel has learned that the son of [a defendant] is a law clerk to this Court" (cleaned up)).

**II.   CONCLUSION**

The government respectfully requests this Court deny defendants' motion on the merits and their request for a stay of these proceedings.