BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
        1400/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
        E-mail:    ian.yanniello@usdoj.gov
                   greg.staples@usdoj.gov
                   daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF LODGING UNDER SEAL EXHIBITS AND SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT BANKS' MOTION IN LIMINE TO EXCLUDE RULE 404(B) EVIDENCE |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | |

Plaintiff United States of America hereby files this Notice of Lodging Under Seal Exhibits and Supplemental Memorandum in Opposition to Defendant Durk Banks' Motion in Limine to Exclude the Government's Proposed Rule 404(b) Evidence.

///

///

This filing is based upon the attached memorandum of points and authorities, the attached exhibits A-B (Under Seal), the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 2, 2026        Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_____/s/_____
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government files this supplemental memorandum to provide the Court with additional information related to motions the Court will hear on January 7, 2026, namely, defendant Banks' motion *in limine* to exclude evidence defendant claims is "Rule 404(b)" evidence (dkt. 258) and defendant Wilson's related motion to sever the trial should the Court admit the disputed evidence (dkt. 242) (the "Related Motions"). The Related Motions were filed on October 6, 2025, and the government filed its omnibus opposition on October 27, 2025. (Dkt. 274.) During the November 18, 2025 hearing, the Court heard argument and ruled on other matters, but deferred argument on the Related Motions to January 7.

**I.   Consistent with the Parties' Stipulated Trial Schedule, the Government Provided an Amended Rule 404(b) Disclosure on November 17, 2025**

As set forth in the government's opposition, the Related Motions are based on an early, preliminary disclosure of certain evidence the government intended to introduce at trial. (See Dkt. 274 at 6-7 & n.2.) Footnote 2 of the government's opposition explained that the disclosure would be supplemented in November 2025 consistent with the parties' agreed-upon trial schedule. (Id.) On November 17, 2025, the government provided the defendants with a revised notice, which the government concurrently lodges under seal to supplement the record before the Court. (See Ex. A [Government's November 17, 2025 Notice] & Ex. B [Redline of Government's November 17, 2025 Notice Reflecting Updates from the September Preliminary Disclosure].)

Among other things, the revised notice makes clear that the evidence described in Section I ("Evidence Related to OTF's and Durk

3

Banks' Rivalry with [T.B.]") and Section II ("Evidence Establishing the Relationship Between Co-Conspirators and Defendants' Admissions Related to the Scheme") "is direct evidence of and inextricably intertwined with the charges in the Second Superseding Indictment" and its introduction "allows the government to present a complete story to the jury." (See Ex. B at 2.)

**II.  Defense Counsel's Arguments During the November 18 Hearing Crystalize the Necessity of the Disputed Evidence**

During oral argument on November 18, counsel for defendant Banks underscored why the government's proposed evidence is necessary to prove its case and rebut defendants' core arguments at trial, including (i) that "OTF is not a criminal enterprise," (11/18/25 Reporter's Transcript at 66); and (ii) that the government's case is built on untrustworthy cooperating witnesses.  Indeed, defense counsel rebuked one central witness as a "documented liar, a manipulator, and a fraud of the highest order." (Id. at 68).  The government disagrees.  And while defendants are free to make these arguments to the jury, they cannot be permitted to do so in a vacuum.

As outlined in the government's opposition, the defendants cannot credibly dispute that T.B. and his entourage were stalked for hours across Los Angeles, and that S.R. was brazenly murdered by three of the stalkers.  The disputed facts and the crux of the trial will be *who* ordered and participated in the calculated murder, and *why*?  The government's opposition explained that introducing evidence to establish the structure of OTF is necessary to show the relationship among the coconspirators and defendant Banks' leadership --- not just over OTF's legitimate music enterprise, but critically

4

his knowledge of and involvement in OTF's violence.[1]  Consistent with gang murder prosecutions across the country, the evidence to prove these facts will include the testimony of cooperating witnesses.

The government's proposed evidence --- including defendant Banks' text messages with OTF co-conspirators threatening rivals and recruiting conspirators to carry out those threats[2] --- is critical to the government proving its case and to rebut defendants' claims, including that OTF was merely and solely a benevolent music enterprise.  The government's proposed evidence also provides critical corroboration of its multiple cooperating witnesses, who are anticipated to testify that defendant Banks ordered the violence in Los Angeles, used intermediaries (including defendant Wilson) to recruit others to carry out the scheme, and promised a reward for carrying out the murder.  Preventing these cooperating witnesses from testifying about OTF's connection to criminality would deprive the jury of information necessary to resolve the disputed facts in this case.

Accordingly, the government's proposed evidence provides essential, material context to show the co-conspirators' criminal relationship and corroborate the anticipated testimony that the conspirators acted at defendant Banks' and his trusted intermediaries' direction.  The Ninth Circuit's binding decision

---

[1] From the onset of this case, the government has never alleged that OTF is a purely criminal enterprise.  Rather, the government's position is that a subset of members --- including defendants charged this case --- operated consistent with a street gang.  See Ex. A at 4 ("As the discovery shows, during the relevant time OTF operated both as a legitimate music enterprise with a group of members (including defendants Banks, Wilson, and Houston) who operated consistent with a street gang seeking revenge and perpetuating violence on behalf of OTF.").

[2] See Dkt. 274 at 12-13.

United States v. Smith is material to the "high[ly] probative" nature of such relationship-based evidence. 282 F.3d 758, 768 (9th Cir. 2002).[3] In that drug conspiracy case, the district court admitted evidence that the defendant participated in a drug operation and purchased several kilograms of drugs from a leader of the organization over ten years prior to the charged acts. The Ninth Circuit affirmed the admission of the evidence, reasoning that "evidence of prior criminal acts may be relevant in conspiracy cases to show the background and development of the conspiracy," and that the defendant's "prior criminal endeavors with [the leader] would help the government provide the background and development of the conspiracy, and would help explain why [the leader] trusted [the defendant] enough to include him in the risky scheme." Id. (cleaned up).

So too here. Contrary to counsel's claims, the evidence shows that defendant Banks and his close OTF associates --- including the defendants in this case --- had rivalries (including with T.B.), discussed violence against rivals (see, e.g., dkt. 274 at 11-15), and took violent street action to settle scores with their rivals, including the Los Angeles murder defendants are alleged to have committed in this case.[4]

---

[3] The government's opposition included a typographical error in a citation on page 22. The statement that courts routinely admit evidence in conspiracy cases where acts "would help explain why [a co-conspirator] trusted [another conspirator] enough to include him in the risky scheme" is quoted from Smith, 282 F.3d at 768, not United States v. Hill.

[4] Admissions contained in certain of the co-conspirators' rap lyrics, including those made by defendants Banks and Wilson, also show the structure of OTF and the relationship of the co-conspirators. See Ex. A at 4-5 (referencing limited excerpts of lyrics by defendants Wilson and Banks about seeking revenge,
*(footnote cont'd on next page)*

Defendants are free to argue that OTF was all about music; but the jury cannot be called on to resolve that issue in an alternate reality of limited --- and misleading --- facts.  The Court should deny the Related Motions and permit the government to introduce the disputed evidence at trial.

---

bounties, and admissions related to murdering rivals by shooting vehicles, including with "switches").

# EXHIBIT A
# [UNDER SEAL]

# EXHIBIT B
# [UNDER SEAL]