```
TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:    ian.yanniello@usdoj.gov
                greg.staples@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | <u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 01/20/2026<br>**PROPOSED TRIAL DATE:** 05/04/2026 |

Plaintiff United States of America, and defendant DEANDRE DONTRELL WILSON ("defendant WILSON"), both individually and by and through his counsel of record, Craig A. Harbaugh; defendant DAVID BRIAN LINDSEY ("defendant LINDSEY"), both individually and by and through his counsel of record, Robert A. Jones and Tillet J. Mills; and defendant ASA HOUSTON ("defendant HOUSTON"), both individually

and by and through his counsel of record, Shaffy Moeel, ("the Stipulating Defendants"), hereby stipulate as follows:

1.  The First Superseding Indictment in this case was filed on November 7, 2024.  Defendant DURK BANKS ("defendant BANKS") first appeared before a judicial officer of the court in which the charges in this case were pending on November 14, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 23, 2025.  Defendant WILSON first appeared before a judicial officer of the court in which the charges in this case were pending on November 15, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 24, 2025.  Defendant HOUSTON first appeared before a judicial officer of the court in which the charges in this case were pending on November 21, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 30, 2025.  Defendant LINDSEY first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 31, 2025.

2.  On November 14, 2024, for defendant BANKS, the Court set a trial date of January 7, 2025.  On November 15, 2024, for defendant WILSON, the Court set a trial date of January 7, 2025.  On November 21, 2024, for defendant HOUSTON, the Court set a trial date of January 14, 2025.  On November 22, 2024, for defendant LINDSEY, the Court set a trial date of January 14, 2025.

3.  On January 2, 2025, the Court continued the trial date to October 14, 2025 for all defendants and made relevant excludable time findings under the Speedy Trial Act.

4.   The Second Superseding Indictment was filed as to all defendants on May 1, 2025.  On September 17, 2025, the Court continued the trial date to January 20, 2026 and made relevant excludable time findings under the Speedy Trial Act.

5.   All defendants are detained pending trial.  The government estimates that its case-in-chief will last approximately two to three weeks.  All defendants are joined for trial and a severance has not been granted.

6.   By this stipulation, the Stipulating Defendants move to continue the trial date to May 4, 2026.  Additionally, the parties[1] move to set the following pretrial schedule:

    a.   Defendants' reciprocal discovery deadline: March 9, 2026

    b.   Motions *in limine*, including motions regarding experts:

        i.   Motions due: March 16, 2026

        ii.  Oppositions due: March 30, 2026

        iii. Optional replies due: April 6, 2026

        iv.  Hearing date/pretrial conference: April 13, 2026

7.   This is the third request for a continuance.

8.   The Stipulating Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.   All defendants are charged with violations of 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Facilities to

---

[1] The parties, including counsel for defendant BANKS, met and conferred regarding the proposed briefing schedule and deadlines set forth below.

3

1  Commit Murder-For-Hire Resulting in Death; 18 U.S.C.
2  §§ 2261A(2)(A),(B), 2261(b)(1): Stalking Resulting in Death; and 18
3  U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), (j)(1): Use, Carry, and
4  Discharge of Firearms and Machinegun, and Possession of Such
5  Firearms, in Furtherance of a Crime of Violence, Resulting in Death.
6  Discovery in this case includes, among other things, hundreds of
7  gigabytes of digital evidence such as audio/video recordings,
8  surveillance footage, and extractions of digital devices; and over
9  30,000 pages of records and reports concerning murder and other
10 violent acts, photographs, witness statements, and medical documents.
11         b.   Due to the nature of the prosecution and the number of
12 defendants, including the charges in the indictment and the
13 voluminous discovery, this case is so unusual and so complex that it
14 is unreasonable to expect adequate preparation for pretrial
15 proceedings or for the trial itself within the Speedy Trial Act time
16 limits.
17         c.   Defense counsel represent that they have various
18 substantive obligations which necessitate the continuance of the
19 trial to May 4, 2026.  The list of obligations for defense counsel is
20 attached hereto as Appendix A and is incorporated as if fully set
21 forth herein.
22         d.   In light of the foregoing, counsel for the Stipulating
23 Defendants also represent that additional time is necessary to confer
24 with defendants, conduct and complete an independent investigation of
25 the case, conduct and complete additional legal research including
26 for potential pre-trial motions, review the discovery and potential
27 evidence in the case, and prepare for trial in the event that a
28 pretrial resolution does not occur.  Defense counsel represent that

4

1  failure to grant the continuance would deny them reasonable time
2  necessary for effective preparation, taking into account the exercise
3  of due diligence.
4       e.   The Stipulating Defendants believe that failure to
5  grant the continuance will deny them continuity of counsel and
6  adequate representation.
7       f.   The government does not object to the continuance.
8       g.   The requested continuance is not based on congestion
9  of the Court's calendar, lack of diligent preparation on the part of
10 the attorney for the government or the defense, or failure on the
11 part of the attorney for the Government to obtain available
12 witnesses.
13    9.   For purposes of computing the date under the Speedy Trial
14 Act by which defendants' trial must commence, the parties agree that
15 the time period from the date this stipulation is filed to May 4,
16 2026, inclusive, should be excluded pursuant to 18 U.S.C.
17 §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv)
18 because the delay results from a continuance granted by the Court at
19 defendants' request, without government objection, on the basis of
20 the Court's finding that: (i) the ends of justice served by the
21 continuance outweigh the best interest of the public and defendant in
22 a speedy trial; (ii) failure to grant the continuance would be likely
23 to make a continuation of the proceeding impossible, or result in a
24 miscarriage of justice; (iii) the case is so unusual and so complex,
25 due to the nature of the prosecution and the number of defendants
26 that it is unreasonable to expect preparation for pre-trial
27 proceedings or for the trial itself within the time limits
28 established by the Speedy Trial Act; and (iv) failure to grant the

1  continuance would unreasonably deny defendant continuity of counsel
2  and would deny defense counsel the reasonable time necessary for
3  effective preparation, taking into account the exercise of due
4  diligence.
5      10.  Defendant BANKS does not join in the stipulation to
6  continue the trial in this matter.  Nonetheless, the stipulating
7  parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time
8  period from the date the stipulation is filed to May 4, 2026,
9  inclusive, constitutes a reasonable period of delay for defendant
10 BANKS, who is joined for trial with codefendants as to whom the time
11 for trial has not run and no motion for severance has been granted.
12 ///
13 ///

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 5, 2026              Respectfully submitted,

                                    TODD BLANCHE
                                    Deputy Attorney General

                                    BILAL A. ESSAYLI
                                    First Assistant United States
                                    Attorney

                                    ALEXANDER B. SCHWAB
                                    Assistant United States Attorney
                                    Acting Chief, Criminal Division


                                          /s/
                                    IAN V. YANNIELLO
                                    GREGORY W. STAPLES
                                    DANIEL H. WEINER

                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

I am DEANDRE DONTRELL WILSON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 4, 2026 is an informed and voluntary one.

_____   12/19/25 *
CRAIG HARBAUGH                    Date
Attorney for Defendant
DEANDRE DONTRELL WILSON

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 4, 2026.

_____   12/19/25
DEANDRE DONTRELL WILSON           Date
Defendant

*Prior to preparation and filing of the stipulation, undersigned counsel advised all parties that counsel has a trial currently set for May 4, 2026 in *United States v. Henley*, Case No. 2:25-CR-211-FLA. Notwithstanding that disclosure, May 4, 2026 was the only trial date available that accommodated all defendants in this case, and the parties therefore agreed to that date.

Counsel notes that in *Henley*, counsel for other co-defendants (not counsel's own client) have moved to continue the trial, and the Court in that matter is expected to rule on or before January 6, 2026. Counsel submits this statement solely to disclose the potential conflict and to preserve the Court's discretion to address scheduling as appropriate should the conflict remain.

I am DAVID BRIAN LINDSEY's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 4, 2026 is an informed and voluntary one.

_/s/ Robert A. Jones_    01/02/2026
ROBERT A. JONES            Date
TILLET J. MILLS
Attorney for Defendant
DAVID BRIAN LINDSEY

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 4, 2026.

_/s/ David Lindsey_    01-02-2026
DAVID BRIAN LINDSEY        Date
Defendant

I am ASA HOUSTON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 4, 2026 is an informed and voluntary one.

_/s/ Shaffy Moeel_  12/28/2025
SHAFFY MOEEL            Date
Attorney for Defendant
ASA HOUSTON

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 4, 2026.

_/s/ Asa Houston_  12/18/2025
ASA HOUSTON             Date
Defendant

10

# APPENDIX A

**Counsel for Defendant Wilson:**

1. United States v. Eugene Henley, 25-cr-211-FLA-1 (Eugene Henley), RICO/VICAR, trial date May 4, 2026;

2. United States v. Artuni, et al., 25-cr-434-JLS-3 (Davit Hazryan), RICO/VICAR, trial date August 4, 2026;

3. United States v. Aguilar, et al., 25-cr-413-AB-3 (Dennis Anaya Urias), death eligible matter, trial date July 21, 2026; and

4. United States v. Julian Pulido, et al., 25-cr-147-FLA-1, death eligible matter, trial date November 3, 2026.

**Counsel for Defendant Lindsey:**

1. United States v. Obando, 25-cr-146 (S.D. Texas), trial on January 20, 2026;

2. United States v. Rogers, 23-cr-96 (S.D. Texas), trial on February 9, 2026;

3. United States v. Snell, 24-cr-347 (S.D. Texas), trial on February 17, 2026;

4. State of Texas v. Williams, Case No. 23-1895-K368, trial on March 6, 2026;

5. United States v. Harris, 24-cr-565 (S.D. Texas), trial on March 16, 2026; and

6. United States v. Stokes, 25-cr-329 (S.D. Texas), trial on March 30, 2026.