BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:   ian.yanniello@usdoj.gov
                greg.staples@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT ASA HOUSTON'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION TO DISMISS COUNT FOUR |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | |

Plaintiff United States of America hereby files this Response to Defendant Asa Houston's Notice of Supplemental Authority in Support of his Motion to Dismiss Count Four (Dkt. 321).

///

///

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 5, 2026				Respectfully submitted,

						BILAL A. ESSAYLI
						First Assistant United States Attorney

						ALEXANDER B. SCHWAB
						Assistant United States Attorney
						Acting Chief, Criminal Division

						          /s/
						_____
						IAN V. YANNIELLO
						GREGORY W. STAPLES
						DANIEL H. WEINER
						Assistant United States Attorneys

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government files this response to defendant Asa Houston's notice of supplemental authority in support his motion to dismiss Count Four of the Second Superseding Indictment. That count charges a violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (B)(ii), (j)(1), 2(a) for use, carry, and discharge of firearms --- including a machinegun --- during and in relation to, and possession of such firearms in furtherance of, Stalking Resulting in Death, in violation of 18 U.S.C. §§ 2261A(2)(A), (B), 2261(b)(1). As explained in the government's opposition, the government elected to proceed only under §§ 2261A subsection(2)(A) -- i.e., that the defendants engaged in course of conduct that placed the victims in reasonable fear of death or serious bodily injury, resulting in S.R.'s death --- not under subsection (2)(B). (Dkt. 272 at 1.) For the reasons below, the Fifth Circuit's decision in United States v. Elkins supports the government's position that Section 2261A(2) is divisible, and its limited holding as to subsection (2)(B) is inapposite to the Court's decision here. No. 24-10753, 2025 WL 3537272, at *1 (5th Cir. Dec. 10, 2025).

First, consistent with the position advocated by the government in its opposition, Elkins held that § 2261A(2) "is divisible because, in separate subsections, it sets forth the elements of two distinct offenses." Id. at *3. That holding is consistent with the reasoning and holdings of multiple district courts that have considered the stalking statute's divisibility. (Dkt. 272 at 4-5.) Indeed, defendant's notice does not meaningfully contest that rationale or conclusion. This Court should hold that § 2261A(2) is divisible between subsections (2)(A) and (2)(B).

3

Second, defense counsel incorrectly states that Elkins "held that cyberstalking resulting in death under 18 U.S.C. § 2261A(2) was not a 'crime of violence' under 18 U.S.C. § 924(c)." (Dkt. 323 at 1.) The Fifth Circuit held only that subsection **(2)(B)** was not a crime of violence --- it expressly declined to "consider whether a subsection **(2)(A)** offense is a crime of violence.'" Elkins, 2025 WL 3537272, at *1 (emphasis added). The court reasoned that subsection (2)(B) did not "have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another'" because "[n]o use or threatened use of force is required" to "caus[e] substantial emotional distress to [a] victim." Id. at *3. Such reasoning is inapposite to the case here, where the government is proceeding only as to subsection (2)(A). As explained in the government's opposition, "it is impossible to conceptualize an instance where an individual engages in a course of conduct that puts someone in reasonable fear of the death of or serious bodily injury to himself or another without engaging in conduct that, at minimum, threatens the use of physical force to a person." (Dkt. 272 at 8 (cleaned up and citing numerous district court opinions holding the same).) Accordingly, the reasoning in Elkins regarding the statute's "substantial emotional distress" prong is materially distinguishable from the "reasonable fear of death" prong charged in Count Four.

Finally, Elkins' discussion of the Supreme Court's holding in Borden should not alter the Court's decision here as to the subsection (2)(A) offense. In Borden, the Supreme Court held that reckless conduct does not meet the standard for a "violent felony" under the ACCA because the "phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his

4

action at, or target, another individual" and "[r]eckless conduct is not aimed in that prescribed manner." Borden v. United States, 593 U.S. 420 at 429 (2021). Elkins explained that Borden supports its holding that subsection 2(B) is not a crime of violence because under that subsection, "[a] person can intend to cause substantial emotional distress, and as discussed above, her conduct can recklessly cause another person to commit suicide." Elkins, 2025 WL 3537272, at *4 (emphasis added).

As the government explained in its opposition, the core rationale of Borden is that the intent required for a crime of violence is not the harm or result (death) that must be intended, **but the use (or threatened use) of physical force**. See Borden, 593 U.S. at 430-34; see, e.g., United States v. Fernandez, No. 22-10140, 2023 WL 3477838, at *2 (9th Cir. May 16, 2023) (reaffirming that California Penal Code Section 273.5(a) remains a crime of violence after Borden even though statute does not require that the defendant intend the resulting harm). And because a defendant must engage in a course of conduct with the intent to put someone in reasonable fear of death or serious bodily injury to satisfy subsection 2(A), such intent satisfies Borden's more-than-recklessness requirement. Accordingly, the Court should hold that § 2261A(2)(A) is a crime of violence.