MOEEL LAH FAKHOURY LLP
Shaffy Moeel (State Bar No. 238732)
2006 Kala Bagai Way, Suite 16
Berkeley, CA 94704
Telephone: (510) 500-9994
Email: shaffy@mlf-llp.com

Attorneys for Asa Houston

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASA HOUSTON,<br><br>Defendant. | Case No.: 2:24-CR-00621-MWF-5<br><br>**DEFENDANT ASA HOUSTON'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR** |

Defendant Asa Houston respectfully submits this second Notice of Supplemental Authority in further support of his Motion to Dismiss Count Four of the Second Superseding Indictment. This notice advises the Court of a new, controlling en banc decision from the Ninth Circuit—*United States v. Gomez*, No. 23-435, (9th Cir. Jan. 13, 2026)(en banc)—which materially strengthens Mr. Houston's argument that stalking under 18 U.S.C. § 2261A does not qualify as a "crime of violence" under 18 U.S.C. § 924(c) and cannot survive analysis under *Borden v. United States*, 593 U.S. 420 (2021).

### I. THE NINTH CIRCUIT'S EN BANC DECISION IN *GOMEZ* CONFIRMS THAT OFFENSES PERMITTING RECKLESS CONDUCT CANNOT QUALIFY AS CRIMES OF VIOLENCE AFTER BORDEN

In *Gomez*, the Ninth Circuit, sitting en banc, held that California Penal Code § 245(a)(1) is not a crime of violence because it does not require the intentional application of force against another person. *Gomez*, slip op. at 3. Applying *Borden*, the court reaffirmed that the elements clause requires a mens rea greater than recklessness and that statutes criminalizing conduct that can be committed without a purposeful or knowing application of force categorically fail to qualify as crimes of violence. *Gomez*, slip op. at 15.

The en banc court was explicit: after Borden, a statute fails the elements clause if it permits conviction where the defendant need only intentionally commit an act, while the application of force—or resulting harm—may occur recklessly or unintentionally. *Id. Gomez* thus confirms that courts must look not to the seriousness of the outcome, but to whether the statute requires a deliberate, targeted use of physical force against another.

This holding squarely reinforces Mr. Houston's argument. Section 2261A criminalizes courses of conduct—often involving communications or electronic activity—that need not involve any use, attempted use, or threatened use of physical force. As the Fifth Circuit recently recognized in *United States v. Elkins*, even when death results, the statute does not require that force be intentionally directed at a person. *United States v. Elkins*, ___ F.4th ___, 2025 WL 3537272 (5th Cir. 2025). *Gomez* makes clear that this defect is fatal under *Borden*.

DEFENDANT ASA HOUSTON'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5

1

II.   *GOMEZ* UNDERMINES THE GOVERNMENT'S ATTEMPT TO SALVAGE § 2261A(2)(A)

The government has argued that § 2261A(2)(A)—the "reasonable fear of death or serious bodily injury" prong—necessarily involves the threatened use of physical force and therefore survives *Borden*. *Gomez* forecloses that reasoning.

Applying *Borden*, the court explained that even where conduct "will probably and directly result" in harm, a statute does not qualify as a crime of violence if it lacks a mens rea requiring purposeful or knowing force. *Gomez*, slip op. at 15. Section 2261A(2)(A) suffers from the same defect: it requires intent to harass, intimidate, or place a person in fear, but not an intent to use or threaten physical force. Under *Gomez*, that mismatch between mens rea and force is dispositive, and § 2261A(2)(A) cannot qualify as a crime of violence.

*Gomez* emphasizes that the proper inquiry is not whether a victim experiences fear of violent harm, but whether the statute requires the defendant to intentionally use or threaten physical force. Section 2261A(2)(A) does not. A defendant may place someone in reasonable fear of death or serious bodily injury through nonviolent means—persistent surveillance, doxxing, online harassment, or other forms of intimidation—without ever threatening force, much less intentionally directing it at another.

Under *Gomez*, the fact that a statute targets serious or dangerous conduct is irrelevant if its elements do not require the intentional application of violent force. As with California assault in *Gomez*, § 2261A criminalizes conduct where the mental state is directed at intent to harass, intimidate, or cause fear—not at the use of force itself. That distinction is dispositive under *Borden*.

III.   THE GOVERNMENT'S RELIANCE ON *FERNANDEZ* DOES NOT SURVIVE *GOMEZ*

In its reply, the government cited an unpublished memorandum, *United States v. Fernandez*, a Ninth Circuit decision holding that California Penal Code § 273.5(a) remains a crime of violence after *Borden*. That reliance is misplaced.

*Fernandez* involved a statute that necessarily requires the intentional infliction of physical

DEFENDANT ASA HOUSTON'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5

2

injury through force. *Gomez*, by contrast, clarifies that statutes lacking an element requiring the intentional use of force—even if they involve dangerous conduct or serious consequences—cannot qualify as crimes of violence. The en banc court expressly rejected outcome-based or risk-based reasoning and reaffirmed that the elements clause turns on mens rea as to force, not harm.

Section 2261A is fundamentally unlike the statute at issue in *Fernandez*. It does not require physical contact, injury, or even a threat of force. Instead, it criminalizes patterns of conduct that may be entirely nonphysical. After *Gomez*, *Fernandez* cannot be extended to rescue statutes like § 2261A that fail to require purposeful force.  Furthermore, after *Gomez,* it is far from clear that *Fernandez* would withstand renewed scrutiny, given *Gomez*'s insistence that the elements clause requires a sufficiently culpable mens rea specifically as to the use of force, not merely to the underlying conduct or resulting harm.

## IV.    CONCLUSION

*Gomez* cements what *Borden* and *Elkins* already made clear: crimes of violence must require the intentional use, attempted use, or threatened use of physical force against another person. Section 2261A does not. The Ninth Circuit's en banc clarification confirms that Count Four rests on a predicate offense that cannot categorically qualify as a crime of violence.

For these reasons, and for those set forth in Defendant's Motion to Dismiss and prior supplemental authority, Count Four should be dismissed.

A copy of the opinion in *Gomez* follows this brief.

Dated:    January 16, 2026            Respectfully submitted,

MOEEL LAH FAKHOURY LLP

*s/ Shaffy Moeel*
Shaffy Moeel
Attorneys for Asa Houston

DEFENDANT ASA HOUSTON'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5

3