UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.    CR 24-621(B)-MWF                                        Date: February 26, 2026

Present: The Honorable:    MICHAEL W. FITZGERALD, United States District Judge

Interpreter    Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Gregory W. Staples, and Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 2) Deandre Dontrell Wilson | Not | X | | 2) Craig A. Harbaugh | Not | | X |
| 4) David Brian Lindsey | Not | X | | 4) Tillet J. Mills, II / Robert A. Jones | Not | | X |
| 5) Asa Houston | Not | X | | 5) Shaffy Moeel | Not | | X |
| 6) Durk Banks | Not | X | | 6) Christy O'Connor / Drew Findling / Jonathan M. Brayman / Marissa H. Goldberg | Not | | X |

**Proceedings:   (IN CHAMBERS) ORDER DENYING DEFENDANT DEANDRE DONTRELL WILSON'S MOTION TO SEVER [230]; ORDER RE TRIAL DATES**

Before the Court are the following documents:

- Defendant Deandre Dontrell Wilson's Motion to Sever (the "Motion"), filed under seal on October 6, 2025. (Docket No. 230).
- Defendant Asa Houston's Joinder (the "Houston Joinder"), filed October 7, 2025. (Docket No. 248).
- Defendant Lindsey's Joinder CoDefendants' Motions filed October 7, 2026 (the "Lindsey Joinder"), filed October 7, 2025. (Docket No. 249).
- The government's Omnibus Opposition (the "Opposition"), filed under seal on October 28, 2025. (Docket No. 283).
- Defendant Deandre Wilson's Reply in Support of Motion to Sever, filed under seal on November 13, 2025. (Docket No. 313).

The Court held hearings on November 18, 2025, January 7, 2026, February 9, 2026, and February 23, 2026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The Court **DENIES** the Motion, Houston Joinder, and Lindsey Joinder.  The trial is **CONTINUED** to **AUGUST 20, 2026, at 8:30 a.m.**  The government is **ORDERED** to prepare a Speedy Trial Act stipulation to continue the trial to this date, noting Defendant Banks's objection.

## I.   LEGAL STANDARD

Rule 8(b) provides that two or more defendants may be charged in the same indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Pursuant to this Rule, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Polizzi*, 801 F.2d 1543, 1553 (9th Cir. 1986) ("Defendants jointly indicted ordinarily should be jointly tried.").

However, Rule 14 recognizes that some joinders of defendants may result in prejudice and therefore permits a district court to grant a severance of defendants if "it appears that a defendant or the government is prejudiced by a joinder."  Fed. R. Crim. P. 14.  "Whether codefendants are to be tried jointly or severally is a question for the trial judge, whose decision will not lightly be overturned on appeal."  25 Moore's Federal Practice – Criminal Procedure § 614.07 (2026); *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978) ("Rule 14 motions for severance are committed to the sound discretion of the trial court.").  "The test for abuse of discretion by the district court in denying severance is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial."  *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018) (cleaned up).

The case law makes clear that "joinder is the rule rather than the exception."  *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988).  The Supreme Court has cautioned that, given the preference for joinder, "a district court should grant a severance under Rule 14 ***only*** if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. at 539 (emphasis added).

## II.   DISCUSSION

The Motion argues that severance is required due to potential "spillover" prejudice from evidence that primarily concerns Defendant Banks, including much of the evidence discussed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

the Court's recent Order Re: Banks's Motion in Limine (the "Prior Order"). (*See* Docket Nos. 380–81).

Defendants Banks, Wilson, Houston, and Lindsey were indicted together for their alleged participation in the same conspiracy. Severance is especially disfavored in conspiracy trials precisely "because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004) (district court did not abuse discretion in refusing to sever conspiracy trial of eleven defendants for serious, complex charges with different subgroups); *see also United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984) ("Joint participation in a criminal activity generally means a joint indictment and a joint trial."). Here, the nature of the charges is such that the vast majority of evidence would be admissible against each defendant in separate trials, which counters against severance. *See Zafiro*, 506 U.S. at 540 ("[A] fair trial does ***not*** include the right to exclude relevant and competent evidence." (emphasis added))

Even assuming the premise of the Motion is correct — that some evidence will be admissible only against Defendant Banks and not others — severance does not follow as a necessary conclusion. On the contrary, the Ninth Circuit has held that the fact that separate evidence exists (or is admissible) for different codefendants does not necessarily create a "spillover effect" that requires severance as a matter of law. *See United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986) ("The mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials."). Instead, "[t]he court's inquiry as to prejudice focuses on whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in light of its volume and limited admissibility." *Id.* (internal quotation marks omitted).

Further, even where there is a risk of spillover prejudice, "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("[J]uries are presumed to follow their instructions.")). The Ninth Circuit has "repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial." *Fernandez*, 388 F.3d at 1243; *see also Polizzi*, 801 F.2d at 1554 (district court did not abuse discretion where it instructed the jury "that it had a responsibility to keep the evidence against the two defendants separate" and give due and separate consideration to each).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Here, the Motion does not successfully "demonstrate the insufficiency of limiting instructions," which is necessary to sever a trial based on a putative spillover effect. *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991). While some of the evidence focuses solely on Defendant Banks and may require limiting instructions, none of that evidence is so egregious or voluminous that it would "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Benedict*, 855 F.3d 880, 885 (8th Cir. 2017) (joinder of defendants proper despite some evidence focusing on one defendant because defendants part of same conspiracy and "separate consideration" limiting instruction used); *United States v. Ramirez*, 710 F.2d 535, 547 (9th Cir. 1983) ("We find no indication that the jury was unable to compartmentalize the evidence and reach their verdict as to Ramirez on a fair evaluation of the evidence against him.").

As counsel no doubt realize, the Motion was considerably stronger before the government's withdrawal of the "Chicago Incident" as evidence purportedly admissible under Rule 404(b) or as inextricably intertwined.

The Court pondered whether this might be the rare case in which severance should be ordered in its discretion rather than because denial would be an abuse of discretion. The reasons supporting discretionary severance are (1) the merit of Mr. Wilson's arguments (ably presented by his lawyer), even if far from sufficient to require severance; and (2) the regrettable delay of Defendant Banks's trial. Outweighing those reasons by a wide margin are the dictates of caselaw that coconspirators be tried together — not reviewable, of course, but a severance here might have been an abuse of discretion the other way — and that there would be only a very small simplification of either trial, and thus little benefit to either jury.

Accordingly, the Motion is **DENIED**. The trial is **CONTINUED** to **THURSDAY, AUGUST 20, 2026, at 8:30 a.m.** The government is **ORDERED** to prepare a Speedy Trial Act stipulation to continue the trial to this date, noting Defendant Banks's objection.

IT IS SO ORDERED.