TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
        1100/11400/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
        E-mail:    ian.yanniello@usdoj.gov
                   michael.morse@usdoj.gov
                   daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(D)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT LINDSEY'S MOTION IN LIMINE TO EXCLUDE COOPERATOR AND CO-CONSPIRATOR HEARSAY UNDER FRE 801(d)(2)(E) |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | Hearing Date: August 13, 2026 |
| | Hearing Time: 10:00 a.m. |
| | Location:    Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files its Opposition to Defendant Banks' Motion *in Limine* to Exclude Cooperator and Co-Conspirator Hearsay Under Federal Rule of Evidence 802(d)(2)(E).

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 7, 2026          Respectfully submitted,

                               TODD BLANCHE
                               Acting Attorney General

                               BILAL A. ESSAYLI
                               First Assistant United States
                               Attorney

                               IAN V. YANNIELLO
                               Assistant United States Attorney
                               Chief, National Security Division


                                      /s/
                               IAN V. YANNIELLO
                               MICHAEL J. MORSE
                               DANIEL H. WEINER
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Following the murder of defendant Durk Banks' close friend and fellow OTF member Davyon Bennett aka "King Von," at least ten co-conspirators (including defendants Banks, Wilson, and Lindsey) plotted to track, stalk, and kill individuals deemed responsible for Bennett's murder, including T.B.  That conspiracy, which began no later than November 6, 2020, resulted in S.R.'s murder on August 19, 2022, and continued to at least August 2023.

At trial, the government will prove defendant Lindsey joined the conspiracy on August 18, 2022, as a contract killer employed by defendant Banks to murder T.B.  Defendant Lindsey now seeks exclusion of broad categories of evidence that should be admitted against him under binding caselaw.  Specifically, he seeks to exclude: (i) communications between co-conspirators that predate his participation in the conspiracy; (ii) communications between co-conspirators **the day before** and **on the day of the murder**; (iii) communications that post-date defendant Lindsey's role in the conspiracy.  His motion is without merit, and should be denied.[1]

---

[1] Defendant Lindsey also seeks an order "requiring the Government, before opening statements, to identify each Co-Conspirator statement it will offer against [Lindsey] and to make the threshold showing the Rule demands[.]" However, a "trial court has discretion to determine whether the government may introduce co-conspirator declarations before establishing the conspiracy and the defendant's connection to it." <u>United States v. Loya</u>, 807 F.2d 1483, 1490 (9th Cir. 1987).

The Court may also allow the government to introduce co-conspirator declarations before laying the required foundation under the condition that the declarations will be stricken if the government fails ultimately to establish by independent evidence that the defendant was connected to the conspiracy.  <u>Id.</u>; <u>United States v. Spawr Optical Research, Inc.</u>, 685 F.2d 1076, 1083 (9th Cir. 1982).

**II.   ARGUMENT**

   **A.   Legal Framework**

Declarations by one co-conspirator made during the course of and in furtherance of the conspiracy may be used against another conspirator because they are not hearsay.  See Rule 801(d)(2)(E).  As such, the admission of co-conspirator statements pursuant to Rule 801(d)(2)(E) requires only a foundation that: (i) the declaration was made during the life of the conspiracy; (ii) it was made in furtherance of the conspiracy; and (iii) there is, including the co-conspirator's declaration itself, sufficient proof of the existence of the conspiracy and of the defendant's connection to it.  See Bourjaily v. United States, 483 U.S. 171, 173, 181 (1987).[2]

   **B.   Statements That Pre-Date Defendant's Participation in the Conspiracy Are Admissible Against Him**

A co-conspirator statement made before a defendant joined the conspiracy is not hearsay.  See United States v. Segura-Gallegos, 41 F.3d 1266, 1272 (9th Cir. 1994) ("Statements of [defendant's] co-

---

[2] To be admissible under Rule 801(d)(2)(E) as a statement made by a co-conspirator in furtherance of the conspiracy, a statement must "further the common objectives of the conspiracy," or "set in motion transactions that [are] an integral part of the [conspiracy]." United States v. Arambula-Ruiz, 987 F.2d 599, 607-08 (9th Cir. 1993). Such statements are admissible whether or not they actually result in any benefit to the conspiracy. United States v. Williams, 989 F.2d 1061, 1068 (9th Cir. 1993).  The declarant need not be an indicted co-conspirator.  See United States v. Everett, 692 F.2d 596, 601 (9th Cir. 1982).  Moreover, "[o]nce a conspiracy is shown, the government need present only slight evidence connecting a defendant to the conspiracy."  See United States v. Crespo de Llano, 838 F.2d 1006, 1017 (9th Cir. 1988).

conspirators are not hearsay even if made prior to the defendant joining the conspiracy.").[3]

Defendant Lindsey argues that "nothing connects [him] to anything before August 18, 2022." (Mot. at 2.) That argument is legally irrelevant (and is factually inaccurate, given his pre-existing relationship with defendant Wilson). When defendant Lindsey joined the conspiracy on August 18 by flying from Chicago to Los Angeles to stalk and murder T.B. in exchange for a monetary reward, he joined a conspiracy that began in November 2020 following Bennett's death. In so doing, he took "the conspiracy as he found it." Id.

Specifically, the following exhibits all contain co-conspirator statements made during and in furtherance of the conspiracy to stalk and kill T.B., and are therefore admissible against Lindsey:

- **Exhibit 206**: co-conspirator ("CC") 4 seeking and obtaining T.B.'s phone number two days after Bennett's killing; and

- **Exhibit 209**: December 2020 group text thread between defendant Banks, CC-4 and other OTF affiliates, where Banks, encouraging his gang to seek revenge for Bennett's death, says he "ain't celebrating cause [Von is] dead and [nothing] happen[ed...[V]on is me[,] [V]on is y'all and if the shoe was on the other foot it will be no pressure pressed."

C.    **Statements Made By Co-Conspirators Immedilately Before and After S.R's Murder Were in Furtherance of the Conspiracy's Objective And Are Admissible Against Defendant Lindsey**

Statements made to keep a conspirator abreast of a co-

---

[3] United States v. DiCesare, 765 F.2d 890, 900 (9th Cir.), amended on other grounds, 777 F.2d 543 (1985) ("'[A] conspirator who joins a pre-existing conspiracy is bound by all that has gone on before in the conspiracy."); United States v. Adamo, 882 F.2d 1218, 1230-31 (7th Cir. 1989) ("[I]t is well established that a defendant who joins a conspiracy '[takes] the conspiracy as he found it.'.").

conspirator's activity, to induce continued participation in a conspiracy, or to allay the fears of a co-conspirator are admissible. United States v. Arias-Villanueva, 998 F.2d 1491, 1502 (9th Cir. 1993).[4]  Accordingly, the following exhibits containing co-conspirator statements are admissible against defendant Lindsey:

- **Exhibit 50 and 51:** text messages by co-conspirators arranging defendant Lindsey's transportation from Chicago to Los Angeles and back the day before the murder;

- **Exhibit 52:** text messages between CC-3 and PW-1 showing CC-3 arranging PW-1's travel, including the day before the murder;

- **Exhibit 122:** August 2023 group text thread showing defendant Jones, an alleged shooter in Los Angeles, was on "VIP" list to attend defendant Banks shows;

- **Exhibit 208:** Aug. 19 to Aug. 20, 2022, text message exchange between defendant Banks and CC-4 celebrating S.R.'s murder and mocking T.B.'s reaction to it;

- **Exhibit 215:** group text between defendant Banks, CC-4, CC-6, defendant Wilson and others, where defendant Banks tells the group a suspected cooperator is "just ready to snitch blood clear as day," but "as long as we don't break they can tell em what ever";

- **Exhibit 216:** July 2023 group text where Banks tells CCs to "[d]elete [the] text thread and start [a] new one" after a CC alerts him that "ATF" was asking questions about OTF;

- **Exhibit 219:** Aug. 2023 group text thread between Banks, defendant Wilson and other CCs, where Banks remarks that

---

[4] See also United States v. Ammar, 714 F.2d 238, 252 (3d Cir. 1983) ("[s]tatements between conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy further the ends of the conspiracy . . . ."); statements made to prompt action in furtherance of the conspiracy by either of the participants to the conversation (United States v. Layton, 720 F.2d 548, 556 (9th Cir. 1983), that are related to the concealment of a criminal enterprise (United States v. Tille, 729 F.2d 615 (9th Cir. 1984), or made to control damage to an ongoing conspiracy (United States v. Garlington, 879 F.2 244, 283 (7th Cir. 1989) are admissible as coconspirator statements.

"Oblock…[is] playing with Von name now," and "[c]razy blood niggas don't slide or hurt mfr[s] leaving it all up to us,"), which provided "reassurance", that "serve[d] to maintain trust and cohesiveness among" CCs (see Ammar, 714 F.2d 238, at 252);

- **Exhibit 221:** group text between defendant Banks and other CCs, including Wilson, where defendant Banks exclaims "[Wilson] beat his murder he gone be more dangerous[;] I'm almost back"), which the government will not offer for its truth;

- **Exhibit 292:** Aug. 24, 2022 jail call where CC-5 says he's "smoking on [S.R.]," mocking S.R.'s death while laughing uproariously, which the government will not offer for its truth; and

- **Exhibits 295-296** – defendant Banks' jail calls where he receives updates regarding a CC's custodial movements, and remarks that the CC may be "spoiled chicken" (i.e., snitching)) are all admissible as coconspirator statements.[5]

## III. Conclusion

For the reasons discussed above, the Court should deny the motion. To the extent the Court determines a particular statement is not admissible against defendant Lindsey, the appropriate remedy is a limiting instruction, not exclusion of the evidence.

---

[5] Defendant Lindsey additionally objects to **Exhibits 217, 2018** and **220** – all of which this Court has already deemed admissible (See Court's Feb. 13, 2026 order ("Order") at 7-10). Additionally, defendant objects to **Exhibit 293** (note written by PW-1 while in custody, indicating he has knowledge of murders). However, as explained in the government's Omnibus Opposition to Defendant's Motions In Limine to exclude exhibits, the government will be seeking admission of **Exhibit 293** for a non-hearsay purpose or as a prior consistent statement.