BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/3535/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 24-621(D)-MWF<br><br>[PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**[PROPOSED] TRIAL DATE:** 08/30/2027 |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter, as well as the colloquy between the Court and defense counsel regarding a continuance of the trial date on September 11, 2026. The Court hereby finds that the Stipulation and its colloquies with defense counsel, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause

for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution including the conspiracy charges against all defendants, the volume of discovery, and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from October 5, 2026, to August 30, 2027.

2. The time period from the date the Court granted defendants' request to sever the VICAR counts on July 14, 2026, to August 30, 2027, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must

commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

______________________________
DATE

______________________________
HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
DANIEL H. WEINER
Assistant United States Attorney